[No. 6093.]

DULMAINE v. THE REED BUILDING COMPANY.

1. **Wrongful Detainer—Judgment**—In an action by a landlord against a tenant judgment for immediate possession is proper. The only effect of sections 17, 24 of the statute is to stay enforcement of the judgment for forty-eight hours, in order that an appeal may in the meantime be perfected.—(470)

2. **Notice to Quit** is not required where, by the express words of the lease the term ends at a day certain.—(471)

3. **Statutes Construed**—A provision of the statute (Laws 1885, 224, sec. 24) that upon judgment for the plaintiff in wrongful detainer, no writ of restitution shall issue until the expiration of forty-eight hours from its entry, does not import that judgment may not be given for immediate possession. Its only effect is to stay the enforcement of the judgment for the period specified.—(470)

*Appeal from Mesa County Court*—Hon. WALTER S. SULLIVAN, Judge.

Mr. C. F. CASWELL, and Messrs. LOGAN & GRIER, for appellant.

Messrs. WHEELER & WEISER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action of unlawful detention by a lessor against a lessee whose term, by the provisions of a written lease, ended at a time certain. Two points only are urged by the lessee for a reversal of the judgment against him. It awarded to plaintiff *immediate* possession of the premises. Defendant says that this was in face of the statute, which gives a defendant forty-eight hours, Sunday excepted, to execute and file his undertaking on appeal. The Forcible Entry and Detainer Act, Session Laws 1885, page 224, furnishes the procedure for such cases. Sec. 17 gives to either party the right of appeal, but an appeal by a defendant shall not stay proceedings on a judgment against him, unless he shall within forty-eight hours, Sunday excepted, after the judgment, execute and file with the court a prescribed undertaking. Sec. 24 is that no writ of restitution shall issue upon any judgment rendered in such an action until after the expiration of forty-eight hours from the time of its entry. These sections, however, do not mean that a judgment for immediate possession is improper. Their only effect is to delay for forty-eight hours the enforcement, by the named writ, of a judgment against a defendant, so that he may, during this period, perfect his appeal.

The other contention is that plaintiff's omission to demand possession, or to give notice to quit, before the action was begun, is fatal to a recovery. This

action is under subdiv. 3 of sec. 3 of the act, and is a case where, by the terms of the written lease, the term ended on a day certain and the lessee wrongfully held over after its expiration.   The subdivision itself does not say that such a holding, only after refusal to surrender on demand, or notice to quit, but that such a holding over itself, constitutes an unlawful detention. If "demand" and "notice to quit" are used synonymously in this act, neither is required in a case like this, for sec. 6 declares that no "notice to quit" shall be necessary to a tenant whose term is by contract to end at a time certain.   But if they have a different meaning, the act nowhere provides for a notice to quit or a demand, where, by contract, a tenancy ends at a given time.

As the two grounds mentioned are the only ones relied upon for a reversal, and as they possess no merit, the judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.